**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

THE ONLY ONE, INC., et al.

Plaintiffs,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, et al.,

Defendants.

Case No. 6:14-cv-06009-GAP-TBS
(Originally filed in N.D. Alabama)
MDL Docket No. 6:14-md-2557-GAP-TBS

DISPOSITIVE MOTION

**CERTAIN DEFENDANTS' MOTION TO STRIKE THE AMENDED COMPLAINT AND SUPPORTING MEMORANDUM OF LAW**

The undersigned Defendants respectively file this Motion to Strike ("Motion") the untimely Amended Complaint brought by certain Alabama auto body repair shops ("Plaintiffs").[1]

**PRELIMINARY STATEMENT**

On August 17, 2015, this Court dismissed the Complaint[2] in this action and set a date certain by which an amended complaint would be due – September 8, 2015. *See* Doc. 40. On August 21, 2015, Plaintiffs filed for an extension of time to file their Amended Complaint in the Alabama Action. *See* Motion, *In re Auto Body Shop Antitrust Litig.*, No. 6:14-md-2557 (M.D. Fla. Aug. 21, 2015) (Doc. 225). On August 24, 2015, the Court granted Plaintiffs' motion, extended the deadline for Plaintiffs to file their Amended Complaint in the

[1] Amended Complaint, *The Only One, Inc., et al., v. State Farm Mut. Auto. Ins. Co., et al.*, No. 6:14-cv-06009-GAP-TBS (M.D. Fla. Sept. 19, 2015) ("Alabama Action") (Doc. 42).

[2] Complaint, No. 6:14-cv-06009-GAP-TBS (N.D. Ala. Nov. 2, 2014) (Doc. 1).

Alabama Action by ten days, and set a new date certain of September 18, 2015. *See* Endorsed Order, *In re Auto Body Shop Antitrust Litigation*, No. 6:14-md-2557 (M.D. Fla. Aug. 24, 2015) (Doc. 228). Yet, Plaintiffs failed to file the Amended Complaint in the Alabama Action until September 19, 2015. *See* Doc. 42.

The issue of timeliness of the pleadings filed by auto body repair shops asserting antitrust claims in this multidistrict litigation ("MDL") is not new. Pending before the Court are three fully briefed motions to strike other untimely antitrust actions in this MDL.[3] However, despite being on notice of these motions to strike, having a full month to prepare the Amended Complaint in the Alabama Action for filing, and requesting and receiving extra time from the Court, Plaintiffs missed the deadline set for a date certain by this Court for filing their Amended Complaint. The cut-off set by the Court came and went without Plaintiffs seeking a further extension from this Court and without notifying Defendants of any grounds for excusable neglect (legitimate or otherwise).

As a result of Plaintiffs' untimely filing, under governing Eleventh Circuit case law and Federal Rule of Civil Procedure 15(a)(2), at midnight Eastern Standard Time on September 18, 2015, the Court's August 17, 2015 Order dismissing the Complaint in the Alabama Action *without prejudice* was converted to a dismissal *with prejudice*.

[3] Motions to strike were filed and are fully briefed in *Alpine Straightening Systems, Inc. d/b/a Alpine Body Shop, et al., v. State Farm Mut. Auto. Ins. Co., et al.*, No. 6:14-cv-06003-GAP-TBS (M.D. Fla. May 20, 2015) (the "Utah Action") (Docs. 105, 112, 114); *Parker Auto Body, Inc., et al., v. State Farm Mut. Auto. Ins. Co., et al.*, No. 6:14-cv-06004-GAP-TBS (M.D. Fla. May 21, 2015) (the "Louisiana Action") (Docs. 124, 136, 141); and *Indiana AutoBody Assoc., Inc. v. State Farm Mutual, et al.*, No. 6:14-cv-06001-GAP-TBS (M.D. Fla. Apr. 14, 2015) (the "Indiana Action") (Docs. 153, 158, 161).

Accordingly, Defendants respectfully request that the Court strike the untimely Amended Complaint.

**ARGUMENT**

In its Order extending the deadline for the Amended Complaint in the Alabama Action, the Court required Plaintiffs to file an amended pleading by September 18, 2015. *See* Endorsed Order, *In re Auto Body Shop Antitrust Litig.*, No. 6:14-md-2557 (M.D. Fla. Aug. 24, 2015) (Doc. 228). The Court was well within its judicial authority to set such a deadline. *See, e.g.*, *Schuurman v. M/V Betty K V*, 798 F.2d 442, 445 (11th Cir. 1986) (stating that a district court may "provide for a stated period within which the plaintiff may amend the complaint"). It is undisputed from the public docket that Plaintiffs failed to file the Amended Complaint until September 19, 2015. *See* Doc. 42.

Under Federal Rule of Civil Procedure 6(d), "[w]hen the Court sets a date certain in a Court order for a document to be *filed*, the respondent filing the document is not entitled to add three days for '*service*' of the document."[4] *United States v. Hennigan*, No. 6:13-CV-1609-ORL-31, 2015 WL 2084729, at *2 n.3 (M.D. Fla. Apr. 30, 2015) (Presnell, J.) (rejecting party's contention that he was granted an additional three days to respond under Rule 6(d), which is "simply inapplicable to orders of the Court which set filing deadlines"). *See also Estate of Miller ex rel Miller v. Ford Motor Co.*, No. 2:01-CV-545-FTM-29, 2004 WL 6235323, at *1 (M.D. Fla. Dec. 17, 2004) (rejecting argument that party had an additional three days for response to judgment served electronically where response was required "not later than fourteen (14) days following the entry of judgment," since "[t]he

[4] Rule 6(e) was renumbered as Rule 6(d) in the 2007 amendments to the Federal Rules of Civil Procedure.

Eleventh Circuit [has] found that '[Rule 6(d)] does not apply to time periods that are triggered by the entry of a judgment or an order'") (quoting *Staib v. Preprint Publ'g Co., Inc.*, 220 F.3d 589 (11th Cir. 2000)); *Hialeah Hosp., Inc. v. Aguiar*, No. 97–0038–CIV., 1997 WL 579168, at *3 (S.D. Fla. July 7, 1997) (stating that the Rule "applies only when a party is required to take some act within a prescribed period after *service* of notice by mail" and closing the case: "The Court's Order Granting Motion to Dismiss did not give Hialeah the right to file an amended complaint within a prescribed period after service of notice by mail. Instead, the Order Granting Motion to Dismiss gave Hialeah the right to file an amended complaint within a prescribed period after the *date of the Order*. Thus, Rule 6(e) is inapplicable, and Hialeah was not entitled to the three additional days for mailing described in that Rule.") (emphasis in original).[5]

The Court's August 24, 2015 Endorsed Order gave the Plaintiffs an extension "to September 18, 2015." *See In re Auto Body Shop Antitrust Litig.*, No. 6:14-md-2557 (M.D. Fla. Aug. 24, 2015) (Doc. 228). Indeed, in response to motions to strike untimely complaints in two of the other antitrust actions in this MDL, Plaintiffs' counsel conceded that when the Court sets a date certain, it "actually mean[s] a date certain." Ps' Resp. to Mot. to Strike the

[5]*See also Clements v. Florida E. Coast Ry. Co.*, 473 F.2d 668, 670 (5th Cir. 1973) ("[A]gree[ing] with defendant that 6(e) has no application, because the action required of plaintiff was not within a prescribed period after service of the order upon him."); *Hong v. Smith*, 129 F.3d 824, 825 (5th Cir. 1997) (holding that three days were not added to the time to respond to a letter from the Court Clerk where the "time for filing a response ran from the date of the Clerk's letter"); *Ramirez v. Wal-Mart Stores, Inc.*, 192 F.R.D. 303, 304 (D.N.M. 2000) ("The Stipulated Order of Dismissal required Plaintiffs to re-file their complaint 'within 90 days of the date of this order...' The 90 days commenced running from the date the order was filed by the court clerk, not from the date of service. Hence, a plain meaning interpretation of the rule favors the non-application of Rule 6(e)."); 1-6 *Moore's Federal Practice – Civil* § 6.05 (Matthew Bender 3d. Ed.) ("The automatic three-day extension of Rule 6(d) applies only when a party's time to act is measured from the date of service of a motion, notice, or other paper. There is no extension in connection with time periods that are keyed to some event other than service.").

Second Am. Compl., Utah Action, Doc. 112.[6] Here, Plaintiffs had to (and did not) file the Amended Complaint in the Alabama Action by the Court-ordered deadline.

After that point, pursuant to governing Eleventh Circuit law, and the law of this Court, the Court's August 17, 2015 Order dismissing the initial Complaint became final and appealable. *See Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126, 1132 (11th Cir. 1994) ("[O]nce the court has identified the date upon which the leave to amend expires, that expiration date becomes the date of the final order unless the court grants an extension of time upon consideration of a motion filed *before* the expiration date has passed.") (emphasis in original); *Dependable Component Supply, Inc. v. Carrefour Informatique Tremblant, Inc.*, 572 F. App'x 796, 799 (11th Cir. 2014) ("The law of this Circuit is clear that a dismissal with leave to amend becomes final for purposes of appeal at the expiration of the window to amend."); *Schuurman v. Motor Vessel Betty K V*, 798 F.2d 442, 445 (11th Cir. 1986) ("In dismissing the complaint, the district court may also provide for a stated period within which the plaintiff may amend the complaint. If the plaintiff does not amend the complaint within the time allowed, no amendment may be made absent leave of court, and the dismissal order becomes final at the end of the stated period. For appeal purposes, we hold that the order of dismissal in this situation becomes final upon the expiration of the time allowed for amendment."); *Bell v. Florida Highway Patrol*, No. 6:05-CV-1806-ORL-31, 2014 WL 542939, at *1 (M.D. Fla. Feb. 11, 2014) (Presnell, J.), *aff'd*, 589 F. App'x 473 (11th Cir.

[6] As Defendants made clear, Plaintiffs are mistaken and no extra time is afforded *either* when the court sets a date certain upon which leave to amend expires *or* when a court gives a specific period of time after which leave to amend expires. *See* Mot. to Strike the Second Am. Compl., Utah Action, Doc. 105; Mot. to Strike the First Am. Compl., Louisiana Action, Doc. 124; Mot. to Strike Pls. Second Am. Compl., Indiana Action, Doc. 153.

2014) ("When a district court dismisses a complaint with leave to amend within a certain period, the dismissal order becomes final (and therefore appealable) at the end of the stated period.").

The Alabama Action is one of 22 copycat actions in this MDL, and has procedurally lagged behind the lead action, *A&E Auto Body Inc., et al., v. 21st Century Centennial Ins. Co., et al.,* No. 6:14-cv-00310 (M.D. Fla. Feb. 24, 2014) (the "Florida Action"). The Amended Complaint in the Florida Action was dismissed without prejudice on January 22, 2015, and the Court granted Plaintiffs leave to amend. *See* Order, Florida Action, No. 6:14-cv-00310 (M.D. Fla. Jan. 22, 2015) (Doc. 293) (the "Jan. 22, 2015 Order"). The initial Complaint in the Alabama Action was essentially a carbon copy of the Amended Complaint in the Florida Action. *Compare* Doc. 1, *with* Amended Complaint, Florida Action, 6:14-cv-00310 (M.D. Fla. June 28, 2014) (Doc. 167). Thus, the Court's Jan. 22, 2015 Order put the Plaintiffs in the Alabama Action on notice that, in the event their initial Complaint was similarly dismissed (as it likely would be, considering it was nearly identical to the Amended Complaint in the Florida Action), they would have to amend their pleading. Indeed, in the Alabama Action, Magistrate Judge Smith recommended dismissal of the initial Complaint with leave to amend on June 3, 2015 (the "June 3, 2015 R&R"). *See* Doc. 32. Judge Presnell granted the motion to dismiss the Alabama Action on August 17, 2015. *See* Doc. 40. Plaintiffs therefore had over three months from Magistrate Judge Smith's June 3, 2015 R&R to prepare the Amended Complaint and simply have no excuse as to why their filing was late. Plaintiffs sought and received an extension of time to file their Amended Complaint to September 18, 2015. Moreover, Plaintiffs failed to request a second extension to file their

Amended Complaint *after* the September 18, 2015 deadline. Therefore, at midnight on September 18, 2015, the Court's August 17, 2015 Order adopting the June 3, 2015 R&R became final and was converted from a dismissal *without* prejudice to a dismissal *with* prejudice. *See Hertz*, 16 F.3d at 1127 n.3 (stating that a dismissal without prejudice under Fed. R. Civ. P. 12(b)(6) becomes a "dismissal with prejudice when no timely amendment was filed and no request for an extension was submitted"); *see also Wilson v. Arizona Classic Auto,* No. 09-80344-CIV, 2010 WL 1655811, at *1 (S.D. Fla. Apr. 23, 2010) ("[w]ithout a request for an extension of time or an amendment having been filed, the dismissal order becomes a final, appealable order"). The Court should accordingly strike Plaintiffs' Amended Complaint. *See id.* (striking an amended complaint and closing case where the amended complaint was filed two days late).

Finally, Plaintiffs' untimely filing of the Amended Complaint also violated the requirements set forth in the Federal Rules of Civil Procedure, as Plaintiffs did not seek Defendants' consent to file after the deadline. *See* Fed. R. Civ. P. 15(a)(2) ("[A] party may amend its pleading only with the opposing party's written consent or the court's leave.").[7] Plaintiffs' court-ordered leave to amend expressly expired on September 18, 2015, and Plaintiffs neither sought nor obtained Defendants' consent or the Court's leave to file the Amended Complaint late on September 19, 2015. Plaintiffs' untimely filing of the Amended Complaint therefore contravenes the plain language of the applicable Rule. The Court should

[7] Plaintiffs' attorneys were well aware of the September 18, 2015 deadline. However, even if Plaintiffs' counsel misunderstood the court's order, or the applicable rules, such misunderstanding would not suffice as "excusable neglect." *Estate of Miller ex rel Miller*, 2004 WL 6235323, at *4 ("an attorney's misunderstanding … cannot constitute excusable neglect such that a party is relieved of the consequences of failing to comply with a statutory deadline'").

accordingly strike Plaintiffs' Amended Complaint. *See Regions Bank v. Commonwealth Land Title Ins. Co.*, No. 11-23257-CIV, 2012 WL 5410948, at *2 (S.D. Fla. Nov. 6, 2012) ("Striking is appropriate where … a party fails to seek leave of court before filing an unauthorized pleading.").

**CONCLUSION**

For the foregoing reasons the Court should grant Certain Defendants' Motion to Strike the untimely Amended Complaint and close the Alabama Action.

Dated: October 9, 2015

*/s/ David L. Yohai*
David L. Yohai (admitted *pro hac vice*)
John P. Mastando III (admitted *pro hac vice*)
Eric Hochstadt (admitted *pro hac vice*)
WEIL GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: 212-310-8000
Facsimile: 212-310-8007
Email: david.yohai@weil.com
Email: john.mastando@weil.com
Email: eric.hochstadt@weil.com

*Counsel for Defendant Farmers Insurance Exchange*

/s/ *Jeffrey S. Cashdan*
Jeffrey S. Cashdan, admitted pro hac vice
Claire C. Oates, admitted pro hac vice
KING & SPALDING LLP
1180 Peachtree Street, NE
Atlanta, Georgia 30309
Telephone: (404) 572-4600
Facsimile: (404) 472-5139
jcashdan@kslaw.com
coates@kslaw.com

/s/ *Michael R. Nelson*
Michael R. Nelson, admitted pro hac vice
Kymberly Kochis, admitted pro hac vice
Francis X. Nolan, admitted pro hac vice
Sutherland Asbill & Brennan LLP
1114 Avenue of the Americas, 40th Floor
New York, NY 10036-7703
Telephone: (212) 389-5068

michael.nelson@sutherland.com
kymberly.kochis@sutherland.com
frank.nolan@sutherland.com

*Counsel for Progressive Direct Insurance Company and Progressive Specialty Insurance Company*

*/s/ Timothy J. Rooney*
Timothy J. Rooney (admitted pro hac vice)
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700
trooney@winston.com

Laura Besvinick
STROOCK & STROOCK & LAVAN LLP
200 South Biscayne Boulevard
Suite 3100
Miami, Florida 33131
Telephone: (305) 789-9300
Facsimile: (305) 789-9302
lbesvinick@stroock.com
Fla. Bar No. 391158

*Counsel for The Travelers Home and Marine Insurance Company, Travelers Property Casualty Insurance Company, and Travelers Commercial Insurance Company*

*/s/ Michael E. Mumford*
Ernest E. Vargo, *Admitted Pro Hac Vice*
evargo@bakerlaw.com
Michael E. Mumford, *Admitted Pro Hac Vice*
mmumford@bakerlaw.com
BAKERHOSTETLER LLP
PNC Center, Suite 3200
1900 East 9th Street
Cleveland, OH 44114-3482
Telephone (216) 621-0200
Facsimile (216) 696-0740

*Counsel for Defendants Liberty Mutual Fire Insurance Company, LM General Insurance Company, First Liberty Insurance Corporation, Safeco Insurance Company of Illinois, State Automobile Mutual Insurance Company, and State Auto Property and Casualty Insurance Company*

*/s/ Richard L. Fenton*
Richard L. Fenton (admitted pro hac vice)
Mark L. Hanover (admitted pro hac vice)
Dentons US LLP
233 South Wacker Drive, Suite 5900
Chicago, Illinois 60606
Tel: (312) 876-8000
Fax: (312) 876-7934
Email: richard.fenton@dentons.com
Email: mark.hanover@dentons.com

Bonnie Lau
Dentons US LLP
525 Market Street, 26th Floor
San Francisco, CA 94105-2708
Telephone: (415) 882-5000
Facsimile: (415) 882-0300
bonnie.lau@dentons.com

Lori J. Caldwell (Florida Bar No. 026874)
Rumberger, Kirk & Caldwell, PA
300 S Orange Ave, Suite 1400
PO Box 1873
Orlando, FL 32802-1873
Tel: (407) 839-4511
Fax: (407) 835-2011
Email: lcaldwell@rumberger.com

*Attorneys for Defendants Allstate Indemnity Company, Allstate Insurance Company, Allstate Northbrook Indemnity Company, Allstate Property and Casualty Insurance Company, Esurance Insurance Company, and Esurance Property and Casualty Insurance Company*

/s/ *Johanna W. Clark*
Johanna W. Clark
CARLTON FIELDS JORDEN BURT, P.A.
450 S. Orange Ave., Suite 500
Orlando, Florida 32801
Telephone: (407) 849-0300
Facsimile: (407) 648-9099
Email: jclark@cfjblaw.com

Michael L. McCluggage
EIMER STAHL LLP
224 South Michigan Avenue, Suite 1100
Chicago, Illinois 60604
Telephone: (312) 660-7600
Facsimile: (312) 692-1718
E-mail: mmcluggage@eimerstahl.com

Michael P. Kenny
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309
Telephone: 404-881-7000
Facsimile: 404-881-7777
Email: mike.kenny@alston.com

*Attorneys for Defendants State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company*

*/s/ Michael R. Pennington*
MICHAEL R. PENNINGTON
Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203
Phone: 205.521.8000
Fax: 205.521.8800
Email: mpennington@babc.com

*Counsel for Defendant*
*First Acceptance Insurance Company*

*/s/ P. Bruce Converse*
P. Bruce Converse
Az Bar No. 005868
bconverse@steptoe.com
Floyd P. Bienstock
Az Bar No. 006299
fbienstock@steptoe.com
602-257-5210
602-257-5274
STEPTOE & JOHNSON, LLP
201 E. Washington St, Suite 1600
Phoenix, AZ 85004
Fax No. 602-257-5299

*Attorneys for Defendants Metropolitan Property and Casualty Insurance Company, Metropolitan Group Property and Casualty Insurance Company, Metropolitan General Insurance Company, and Metropolitan Casualty Insurance Company*

*/s Lori McAllister*
LORI McALLISTER (P39501)
THEODORE J. GREELEY (P77862)
Dykema Gossett PLLC
201 Townsend, Suite 900
Lansing, MI 48933
Phone: 517.374.9150
lmcallister@dykema.com

*Counsel for Auto-Owners Insurance Company, Owners Insurance Company*

*/s/ Christopher C. Skambis*
CHRISTOPHER C. SKAMBIS
Florida Bar No. 0262358
THE SKAMBIS LAW FIRM
720 Rugby Street, Suite 120
Orlando, Florida 32804
Telephone: (407) 649-0090
Facsimile: (407) 649-0191
Email: *cskambis@skambislaw.com*

*Attorneys for Defendants Safeway Insurance Company of Alabama*

*/s/ Edward R. McNees*
Edward R. McNees
R. Bradley Best
HOLCOMB, DUNBAR, WATTS, BEST, MASTERS & GOLMON, P.A.
P.O. Drawer 707
400 South Lamar, Suite A
Oxford, MS 38655
(662) 234-8775 Telephone
(662) 238-7552 Facsimile
rmcnees@holcombdunbar.com
bradbest@holcombdunbar.com

*Counsel for Defendant ACCC Insurance Company*

*s/William J. Kelly III*
William J. Kelly III
KELLY & WALKER LLC
(Colorado Bar No. 38749)
(Louisiana Bar No. 21662)
1512 Larimer Street, Suite 200
Denver, Colorado 80202
Tel: (720) 236-1800
Fax: (720) 236-1799
Email: wkelly@kellywalkerlaw.com

*Counsel for Defendant COUNTRY Mutual Insurance Company*

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule 3.01(g), on October 8, 2015, counsel for Defendant Farmers Insurance Exchange conferred via telephone on behalf of the moving Defendants ("Defendants") with Eric Zard, designated liaison counsel for Plaintiffs by Allison Fry in Allison Fry's absence, in a good-faith effort to resolve the issues raised by this Motion. Defendants and liaison counsel for Plaintiffs were unable to agree on a resolution of this Motion.

*/s/ David Yohai*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 9th day of October, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing to all counsel of record that are registered with the Court's CM/ECF system.

*/s/David Yohai*